UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BROWN,

    Plaintiff,

v.

    Case No. 2:19-cv-10498
    Hon. Denise Page Hood

H. WASHINGTON, ET AL,

    Defendants.
_____/

# OPINION AND ORDER OF SUMMARY DISMISSAL

## I. Introduction

Charles Brown, who is presently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, has filed a pro se civil rights complaint. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

## II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42

1

U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Complaint

Plaintiff is an inmate with the Michigan Department of Corrections. The complaint names four defendants: (1) Michigan Department of Corrections Director Heidi Washington, (2) Bureau of Health Care, (3) Corizon, and (4) Prison Health Services.

Plaintiff states that on April 16, 2017, his left pinkie finger was severed when it was shut in a footlocker. It was subsequently reattached at a hospital.

On November 9, 2018, Plaintiff broke the finger again, and he showed it to a nurse. The nurse told him he would be referred to a doctor. On November 21, 2018, after receiving no medical treatment, Plaintiff made a health care request, the next day he received a response informing him that a "call out" was scheduled.

On November 27, 2018, he was again seen by a nurse, and he was then sent to the emergency room. The emergency room doctor informed Plaintiff that he could not do anything about the finger because it had already healed, albeit improperly. Plaintiff was referred to an orthopedic surgeon.

Plaintiff made health care requests on November 28, 2018, and December 12, 2018, because of the pain he was experiencing radiating out from his finger to his neck, and he was finally seen by an orthopedic specialist on December 17, 2018. He was informed that the finger could either be re-broken or amputated.

Plaintiff made additional health care requests regarding pain on December 20, 2018, and January 1, 2019. Finally, on January 31, 2019, he had the finger amputated by the orthopedic surgeon.

Plaintiff claims that the defendants acted pursuant to a policy or custom to violate his right to adequate medical treatment by being deliberately indifferent to his broken finger, which caused prolonged and unnecessary pain and the eventual loss of the finger. Plaintiff claims that the defendants improperly employ "delay tactics" in medical treatment to save money. Dkt. 1 at 6.

Plaintiff seeks monetary damages.

### IV. Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not

contain detailed factual allegations, a complaint must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); see also *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

First, Plaintiff may not bring this action against the Michigan Department of Corrections Bureau of Health Care. States and their departments are immune under the Eleventh Amendment from suit in the

federal courts unless the State has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Congress has not abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The Sixth Circuit has held that the Michigan Department of Corrections is absolutely immune from suit under the Eleventh Amendment. *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, neither the Michigan Department of Corrections nor its Bureau of Health Care are "persons" who may be sued under § 1983 for money damages. See *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses defendant Bureau of Health Care.

Next, Defendants Corizon and Prison Health Services cannot be held vicariously liable for the actions of their employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To

impose liability against Corizon or Prison Health Services, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a policy or custom by those entities. See *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Plaintiff can demonstrate the existence of such a policy or custom in one of several ways: (1) prove the existence of an illegal official policy; (2) establish that an official with final decision making authority ratified illegal actions; (3) demonstrate that there existed a policy of inadequate training or supervision; or (4) establish that there existed a custom of tolerance or acquiescence of federal rights violations. *Id.* While Plaintiff's complaint asserts in conclusory fashion that there is an unofficial "delay tactic" policy, it contains no factual allegations that, even if accepted as true, would satisfy any of these requirements. Therefore, defendants Corizon and Prison Health Services are also dismissed.

Finally, Plaintiff makes no specific factual allegations against defendant Washington. At most he alleges that she is vicariously liable for the actions of her subordinates or contractors. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436

U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; Greene, 310 F.3d at 899; Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that defendant Washington engaged in any active unconstitutional behavior. Defendant Washington is therefore also dismissed.

For these reasons, the complaint will be dismissed for failure to state a claim against any of the defendants. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied. 28 U.S.C. § 1915(a)(3).

### V. Conclusion

**IT IS ORDERED** that the Complaint [Dkt. Entry # 1] is **SUMMARILY DISMISSED**. The Motion to Appoint Counsel [Dkt. Entry #7] is **MOOT**.

**IT IS FURTHER ORDERED** that leave to appeal this order in forma pauperis is **DENIED**.

**s/Denise Page Hood**
Denise Page Hood
United States District Court

Dated: March 15, 2019